UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| VALORIE COLVIN-JOHNSON, | ) | CASE NO.  1:05 CV 1501 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JOHN E.  POTTER, | ) | |
| POSTMASTER-GENERAL,  et al., | ) | |
| | ) | |
| Defendants. | ) | |

CHRISTOPHER A. BOYKO, J.:

On May 26, 2005, pro se plaintiff Valorie Colvin-Johnson filed the above-captioned civil action against John E.  Potter, Postmaster-General of the United States Postal Service (USPS) and Don Peterson, District Manager USPS, Eastern Division, Cleveland, Ohio.  Ms.  Colvin-Johnson brings this action under sections 501 and 505 of  the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq. in order to redress the allegedly discriminatory acts, practices and policies of postal workers employed by defendants.

*Background*

Ms.  Colvin-Johnson has been employed by the USPS in Cleveland, Ohio since June 12, 1993.  During her term of employment, she maintained an "exemplary employment record."

On July 9, 1996, she was accidentally injured at work after attempting to lift a mail bag weighing 70 pounds.  Prior to the accident, Ms. Colvin-Johnson claims she had been assigned specific duties and was given "preferential working hours as a mail carrier."  (Compl. at ¶ VII.)  Between the months of July and November 1996, Ms. Colvin-Johnson was treated for the neck and shoulder injuries that resulted from her accident at work.  She describes her medical treatment as "marginal."[1]

The USPS reassigned Ms. Colvin-Johnson to the Cleveland General Mail Facility as a Modified Carrier, effective November 29, 1996.  She worked in this position for five days per week until January 16, 1997.  On that date, plaintiff received a letter from Sally Webber advising her that she was reassigned to a part-time position as a flexible distribution clerk at the General Mail Facility.  In a subsequent letter, dated January 30, 1997, Ms.  Colvin-Johnson was informed that the part-time assignment would become permanent on February 1, 1997.

Ms. Colvin-Johnson claims that she requested appointments with the Equal Employment Opportunity Commission (E.E.O.C.)  Counselor on March 27, 1997.  Three days later she filed a "Pre-Complaint."  She filed a formal charge with the E.E.O.C. on April 29, 1997.

It is not clear what prompted it, but Ms. Colvin-Johnsom claims that on March 19, 2001:

_____

[1]She states that she was initially examined in the Musculoskeletal Department at Kaiser Permanente for neck and shoulder pain.  The physician, Dr.  Susan Arceneaux, determined that Ms.  Colvin-Johnson "did suffer from a cervical and trapezius strain secondary to repetitive lifting and carrying a mail bag." (Compl. at ¶17.)  She added that, "[u]nfortunately, the condition is chronic and consistent with myofascial pain syndrome."  (Compl. at ¶17.)

> Area Managers, Human Resources were issued a directive from Doug A. Tulino, Manager, Labor Relations Policies and Programs entitled NALC Settlement-Case No. H94N-4H-C 96090200, to wit:
>
> > 'In the above-reference case, Arbitrator Snow found that the Postal Services violated its agreement with the NALC when it reassigned a full-time, partially disabled, employee of the city letter carrier craft as a part-time flexible'

(Compl. at ¶ 22.) On March 23, 2003, the complaint she filed with the E.E.O.C. was dismissed "without reaching the merits of the issues." (Compl. at ¶ 21.)

In her complaint before this court, Ms. Colvin-Johnson seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, which states that defendants have violated provisions of "the Act" based on their overtly discriminatory practices. She claims she has been deprived of equal advancement, promotion opportunities, salary increases and preferential working hours.

### Standard of Review

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall,

---

[2]     A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6ᵗʰ Cir. 1996).  For

the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Rehabilitation Act*

The Rehabilitation Act protects only a "qualified individual with a disability," defined as "any

person who (i) has a physical or mental impairment which substantially limits one or more of such person's

major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an

impairment." 29 U.S.C. § 705(20)(B).  Even if the court concedes Ms. Colvin-Johnson's status as a

disabled individual at this stage, her complaint is subject to closer scrutiny as a federal employee claiming

violations of the Rehabilitation Act.

## A.  Federal Employees

Any federal employee alleging discriminatory treatment is required to exhaust administrative

remedies as a condition precedent to bringing an action under Rehabilitation Act.  Smith v. United States

Postal Serv., 742 F.2d 257, 261 (6ᵗʰ Cir.1984);  Hall v. United States Postal Service,  857 F.2d 1073,

1077 (6ᵗʰ Cir.  1988).  This is true under section 501 of the Act prohibiting federal agencies from

discriminating against handicapped individuals, as well as under section 504 requiring federal employers

to undertake affirmative action on behalf of the handicapped.  See 29 U.S.C. §§ 791, 794.  The Sixth

Circuit has not wavered on this condition as it applies to issues involving equal treatment under Title VII

or under the Rehabilitation Act.  See Benford v. Frank, 943 F.2d 609, 612 (6ᵗʰ Cir.1991) (stating "[t]he

right to bring an action under Title VII regarding equal employment in the federal government is predicated

upon the timely exhaustion of administrative remedies ..."); see also Hall, 857 F.2d at 1078 n. 4 (sections

501 and 504 of the Rehabilitation Act).  This is presumably an outgrowth of the Circuit's "general rule ...

4

that the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." Weigel v. Baptist Hosp. of East Tennessee, 302 F.3d 367, 380 (6th Cir.2002)(internal citation omitted); Dixon v. Ashcroft, 392 F.3d 212, 217 (6th Cir. 2004); see also Bray v. Palm Beach Co., 907 F.2d 150, 1990 WL 92672, at *2 (6th Cir. June 29, 1990) (finding "the facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, are the major determinants of the scope of the charge").

Here, Ms. Colvin-Johnson alleges that she filed charges of discrimination against her employer in 1997.  Although she does not apprise the court of the contents of that charge, she admits that the E.E.O.C. dismissed her complaint on March 23, 2003.  At this point, while it would appear that Ms. Colvin-Johnson has satisfied the exhaustion condition precedent, she has still fallen short of setting forth a basis for this court's jurisdiction over her complaint.

B.  *Time-Barred*

Under the Rehabilitation Act, all of the

> remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. §2000e-16), including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e-5(f) through (k)), shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint.

29 U.S.C. § 794a (a)(1) (2005).  Under § 2000e-16 an employee may file a civil action, "[w]ithin 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order

5

of such department, agency." 42 U.S.C. § 200e-16(a); 29 C.F.R. § 1614(a). Unlike the exhaustion of one's administrative remedies through the E.E.O.C., which is a condition precedent subject to equitable tolling, Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 392 (1982)(filing timely charge with EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that is subject to waiver, estoppel, and equitable tolling), equitable tolling of the time limit for filing an employment discrimination action is only warranted in exceptional circumstances, such as inadequate notice to the complainant or misleading by the court or defendant. Baldwin County Welcome Center v. Brown, 104 S.Ct. 1723, 1725 (1984). In Baldwin the United States Supreme Court reversed the Court of Appeals for the Eleventh Circuit, finding no basis for the application of the doctrine of equitable tolling of the time limitations for filing an employment discrimination claim where the plaintiff received a right to sue letter, and the letter itself informed the plaintiff that she had 90 days to file in federal court. Id. at 1725-1726. The court stated, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Id.

There is no allegation that Ms. Colvin-Johnson appealed the E.E.O.C.'s final decision. Thus, her claim for relief based on a final decision issued almost two years after the requisite deadline passed is clearly time-barred.

Based on the foregoing, this case is dismissed as time-barred. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DATE: August 26, 2005

/s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

(Signed original on file)